23CA1445 Peo v Williams 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1445 City and County of Denver District Court No. 97CR3503 Honorable Darryl F. Shockley, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Jimmy Williams, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division VII Opinion by JUDGE RICHMAN* Gomez and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Megan C. Rasband, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Jimmy Williams, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Jimmy Williams, is serving consecutive sentences totaling 112.5 years, having been convicted in 1997 of first degree sexual assault and attempted first degree murder. Williams has filed numerous postconviction motions and has appealed to this court on at least five prior occasions. But only one of those appeals is relevant to the current case. ¶ 2 In People v. Williams, (Colo. App. No. 21CA0121, Mar. 31, 2022) (not published pursuant to C.A.R. 35(e)) (Williams V), a division of our court decided that Williams had timely filed a motion under Crim. P. 35(a) claiming that he was sentenced in an illegal manner to a consecutive term of imprisonment for the attempted first degree murder. The motion suggested that the district court may have thought consecutive sentencing was mandatory when in fact it was discretionary. Id. at ¶ 15. The division noted the statement of the sentencing court in 2005: Someone who beats a small child into insensibility with a baseball bat . . . [,] who participated in a dual rape of a young teenager in various fashions and then . . . picks her up and drops her on her head so hard it fractures her skull, is not inclined to get a lot of mercy from me. Id. (alterations in original). 
2 ¶ 3 However, as the division reasoned, this statement was “not enough to resolve the issue” even if the district court knew it had discretion to sentence Williams to consecutive terms. Id. The division remanded the case to the postconviction court for “further consideration” and stated the court “may, in its discretion, hold an evidentiary hearing.” Id. at ¶¶ 16, 31. ¶ 4 While the case was on remand, Williams filed two pro se motions. The first, filed February 16, 2023, and captioned “motion for evidentiary hearing,” requested a hearing to (1) allow Williams to “submit evidence regarding brain development in young adults”; (2) allow him to testify regarding responsibility, remorse, and rehabilitation; and (3) inform the court regarding missing transcripts. The second motion, filed May 19, 2023, requested the status of the pending action on remand. ¶ 5 On July 11, 2023, the postconviction court entered an order captioned “Order re: Defendant’s Motion for Evidentiary Hearing,” which concluded that no hearing was necessary because a request for transcripts was not justified based on the circumstances, Williams had not established an entitlement to postconviction relief, 
3 and his postconviction requests were outside the time limitation imposed by the legislature, citing to section 16-5-402, C.R.S. 2023. ¶ 6 On appeal, Williams argues the postconviction court abused its discretion in denying his motions, and he requests as a sanction the vacatur of his sentence. The People acknowledge that the district court did not address the remand order of Williams V and suggest the appeal should be dismissed for lack of a final appealable order or remanded again. The People also contend there is no basis for the sanction requested by Williams. ¶ 7 We agree with the People that the postconviction court did not comply with the scope of the remand ordered in Williams V because it did not address whether the district court entered the consecutive sentences with an awareness that consecutive sentencing was not mandatory, and whether, having such discretion, it would nonetheless have imposed consecutive sentences. Thus, we reverse the order and again remand this case to the postconviction court to address those two questions and consider whether a hearing is required to address those two questions. We deny Williams’s request for a sanction vacating his sentence, as he offers no legal basis for such relief. 
4 JUDGE GOMEZ and JUDGE KUHN concur.